## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM NEY, Individually and as Executor of the Estate of LORETTA NEY | : | CIVIL ACTION NO. 5:16-cv-02408-ER |
| Plaintiff, | : | Asbestos Case |
| vs. | : | |
| OWENS-ILLINOIS, INC., *et al.*, | : | |
| Defendants. | : | |

## <u>ORDER</u>

AND NOW, this        day of        , 2016, upon consideration of the Plaintiff's Motion to Remand Case to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c) and any Response thereto, it is hereby **ORDERED** and **DECREED** that this case shall be remanded to the Philadelphia Court of Common Pleas for the Commonwealth of Pennsylvania under March Term, 2014, No. 01441.

BY THE COURT:

_____
ROBRENO, J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| WILLIAM NEY, Individually and as Executor of the Estate of LORETTA NEY | : | CIVIL ACTION NO. 5:16-cv-02408-ER |
|  | : | |
| Plaintiff, | : | |
|  | : | Asbestos Case |
| vs. | : | |
|  | : | |
| OWENS-ILLINOIS, INC., *et al.*, | : | |
|  | : | |
|  | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION TO REMAND CASE TO THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY PURSUANT TO 28 U.S.C. § 1447(c)

Plaintiff, William Ney, individually and as executor of the Estate of Loretta Ney, by and through undersigned counsel, and pursuant to 28 U.S.C. § 1447(c) and Local Rule 7.1, timely moves for remand of this case to the Court of Common Pleas of Philadelphia County, as set forth herein, and in his Memorandum of Law, incorporated herein by reference, and states the following in support thereof:

1. Plaintiff William Ney, and his wife Loretta Ney, filed an original Short Form Complaint in the Philadelphia Court of Common Pleas on March 11, 2014. (ECF No. 1-1).

2. Defendant, Owen-Illinois, Inc. ("OI") filed its Answer, which included cross-claims and indemnification claims against former co-defendants, including Crown Cork & Seal Co., Inc. ("Crown Cork"), a Pennsylvania corporation. (ECF No. 1-10 at 18).

3. On April 25, 2014, Loretta Ney died due to mesothelioma.

4. On June 2, 2014, Plaintiff deposed a fact witness, Mr. Anthony DelGrosso. Plaintiff's counsel asked Mr. DelGrosso about Loretta Ney's father's (Nicholas Grello) exposure to Mundet (Crown Cork's predecessor in liability) asbestos. Unfortunately, Mr. DelGrosso could

not identify Mundet asbestos products as products that exposed Mr. Grello to asbestos.  See Exhibit A, June 2, 2014 Deposition of Anthony DelGrosso at 35:12-18.

5.      On October 29, 2014, the Clerk of the Superior Court for Forsyth County, North Carolina, granted Letters of Testamentary in the Estate of Loretta Ney and qualified William Ney as Executor of the estate.

6.      William Ney filed an Amended Complaint on December 9, 2014.  (ECF No. 1-2). Plaintiff's Amended Complaint amended the caption to substitute the Estate of Loretta Ney as a party in place of the Decedent and added counts under Pennsylvania's Wrongful Death and Survival Acts.

7.      On October 23, 2015, Plaintiff sent a Corporate Designee Deposition Notice and Request for Production of Documents to Crown Cork in which Plaintiff scheduled Crown Cork's corporate designee deposition for December 1, 2015.

8.      On October 30, 2015, Crown Cork's counsel responded by claiming depositions were unnecessary as she intended to rely on the protection from liability provided to Crown Cork by 15 Pa. C.S. § 1929.1.[1]  See Exhibit B.

9.      As a result of counsel asserting the statutory protection afforded their client, Plaintiff cancelled Crown Cork's corporate designee deposition on November 12, 2015.

10.     After a thorough review and analysis, Plaintiff conceded that 15 Pa. C.S. § 1929.1 applied and that the supporting case law[2] extinguished his claim of liability against Crown Cork.

11.     On March 14, 2016, Crown Cork's counsel wrote to Plaintiff's counsel, in

---

[1] This statute protects Crown Cork from a predecessor corporation's asbestos-related liabilities.

[2] Namely the Pennsylvania Supreme Court's decision declining to hear on appeal a challenge to the Superior Court of Pennsylvania's ruling in Markovsky v. Crown Cork, 107 A.3d 749 (Pa. Super. 2014) (holding that 15 Pa. C.S. § 1929.1 is constitutional and affirming the trial court's grant of summary judgment in Crown Cork's favor), app. den., 125 A.3d 1202 (Pa. 2015).

accordance with the original Case Management Order, requesting voluntary dismissal from the action prior to its filing a motion for summary judgment. See Exhibit C.

12.     Plaintiff agreed, and voluntarily dismissed Crown Cork on April 18, 2016. (ECF No. 1-24 at 35-36). The court entered the stipulation for dismissal on May 9, 2016.

13.     Despite having previously requested an adjournment of the July trial date until November, ostensibly to conduct further discovery, OI nonetheless filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, and 1446, with this Honorable Court on May 17, 2016. (ECF No. 1).

14.     OI, however, fails to meet the statutory requirements for tolling under 28 U.S.C. § 1446(c)(1) and its removal is therefore time barred.

WHEREFORE, based on the foregoing reasons, and for those set forth more fully in the attached Memorandum of Law, Plaintiff respectfully requests that this Honorable Court GRANT this Motion to Remand.

Respectfully submitted,

**COHEN, PLACITELLA & ROTH, P.C.**


/s/      Jacqueline P. Gruhler_____
JACQUELINE P. GRUHLER
Attorney for Plaintiff
Identification No. 203067
jgruhler@cprlaw.com
Two Commerce Square
2001 Market Street Suite 2900
Philadelphia, Pennsylvania 10103
(215) 567-3500


Date:   June 10, 2016

3

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| WILLIAM NEY, Individually and as | : | |
| Executor of the Estate of LORETTA NEY | : | CIVIL ACTION NO. 5:16-cv-02408-ER |
| | : | |
| Plaintiff, | : | |
| | : | Asbestos Case |
| vs. | : | |
| | : | |
| OWENS-ILLINOIS, INC., *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**
**CASE TO THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**PURSUANT TO 28 U.S.C. § 1447(c)**

Plaintiff, William Ney, individually and as Executor of the Estate of Loretta Ney, by and

through undersigned counsel, and pursuant to 28 U.S.C. § 1447(c), and Local Rule 7.1, files this

Memorandum of Law in Support of his Motion to Remand this Case to the Court of Common

Pleas of Philadelphia County Pursuant to 28 U.S.C. § 1447(c), and states the following in support

thereof:

**I.      PRELIMINARY STATEMENT**

Following the stipulated dismissal of Defendant, Crown Cork & Seal Co., Inc., ("Crown

Cork"), from Plaintiff's product liability and wrongful death action in the Court of Common Pleas

for Philadelphia County, Defendant Owens-Illinois, Inc. ("OI") filed a Notice of Removal (ECF

No. 1) pursuant to 28 U.S.C. §§ 1332, and 1446, on May 17, 2016.  In removing this matter, OI

presented to the Court such action was proper and that Plaintiff's actions in this litigation warranted

removal more than one (1) year after the statutorily imposed deadline. *See* 28 U.S.C. § 1446(c)(1).[1] OI's unsubstantiated justification for their own actions in removing this matter is offensive and wrong.

Indeed, Plaintiff did not act in bad faith as he in no way intentionally attempted to manipulate the statutory rules for determining removal jurisdiction, nor prevented OI from exercising its rights. Further, OI merely asserts bald allegations claiming Plaintiff misconduct, when in fact, Plaintiff had both a reasonable belief in his claims against Crown Cork, and a real intention to prosecute those claims. This fact is evidenced by Plaintiff's investigation of Bethlehem Steel Corporation's employees' exposure to Mundet Cork Corporation's ("Mundet") (Crown Cork's predecessor in liability) asbestos products, and the pursuit of Crown Cork discovery materials.

Moreover, Plaintiff did not even contemplate dismissing Crown Cork until Crown Cork's counsel advised that she planned to rely on 15 Pa. C.S. § 1929.1 for summary judgment. This statute protects Crown Cork from a predecessor corporation's asbestos-related liabilities and was deemed constitutional by the Pennsylvania Superior Court in <u>Markovsky v. Crown Cork</u>, 107 A.3d 749 (Pa. Super. 2014) (finding that 15 Pa. C.S. § 1929.1 is constitutional and affirming the trial court's grant of summary judgment in Crown Cork's favor), <u>app. den</u>., 125 A.3d 1202 (Pa. 2015). As such, any further attempt by Plaintiff to assert liability against Crown Cork would be contrary to legislation supported by case law directly on point.

---

[1] 28 U.S.C. § 1446(c)(1) provides.

A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1).

Ultimately, Plaintiff voluntary dismissed Crown Cork due to limited factual evidence and Crown Cork's statutory protection from liability. Certainly, there is no way Plaintiff can be fairly characterized as acting in bad faith. OI therefore fails to meet its elevated burden in establishing the bad faith requirement of 28 U.S.C. § 1446(c)(1) as well as under case law applying same. This action must therefore be remanded to the Court of Common Pleas for Philadelphia County.

## II.   STATEMENT OF FACTS

Plaintiff, William Ney, and his wife Loretta Ney, filed an original Short Form Complaint in the Philadelphia Court of Common Pleas on March 11, 2014. (ECF No. 1-1). OI filed its Answer, which included cross-claims and indemnification claims against co-defendants, including Crown Cork, on April 2, 2014. (ECF No. 1-10 at 18). Crown Cork filed its Answer on April 7, 2014. (ECF No. 1-10 at 21).

On April 23, 2014, Loretta Ney gave deposition testimony. Two days later, on April 25, 2014, she died due to mesothelioma. On June 2, 2014, Plaintiff deposed a fact witness, Mr. Anthony DelGrosso. Plaintiff's counsel asked Mr. DelGrosso about Loretta Ney's father's (Nicholas Grello) exposure to Mundet asbestos. Unfortunately, Mr. DelGrosso could not identify Mundet asbestos products as products that exposed Mr. Grello to asbestos. See Exhibit A, June 2, 2014 Deposition of Anthony DelGrosso at 35:12-18.

On October 29, 2014, the Clerk of the Superior Court for Forsyth County, North Carolina, granted Letters of Testamentary in the Estate of Loretta Ney and qualified William Ney as Executor of the estate. William Ney then filed an Amended Complaint on December 9, 2014. (ECF No. 1-2). Plaintiff's Amended Complaint amended the caption to substitute the Estate of Loretta Ney as a party in place of the Decedent and added counts under Pennsylvania's Wrongful Death and Survival Acts.

3

On October 23, 2015, Plaintiff sent a corporate designee deposition notice and request for production of documents to Crown Cork in which Plaintiff scheduled Crown Cork's corporate designee deposition for December 1, 2015.   On October 30, 2015, Crown Cork's counsel responded by claiming depositions were unnecessary as she intended to rely on the protection from liability provided to Crown Cork by 15 Pa. C.S. § 1929.1.  See Exhibit B.  As a result of counsel asserting the statutory protection afforded their client, Plaintiff cancelled Crown Cork's corporate designee deposition on November 12, 2015.

Ultimately, after a thorough review and analysis, Plaintiff conceded that 15 Pa. C.S.A. § 1929.1 applied, and that the supporting case law[2] extinguished his claim of liability against Crown Cork.  On March 14, 2016, Crown Cork's counsel wrote to Plaintiff's counsel, in accordance with the original Case Management Order,[3] requesting voluntary dismissal from the action prior to its filing a motion for summary judgment.  See Exhibit C.  Plaintiff agreed and voluntarily dismissed Crown Cork on April 18, 2016.  (ECF No. 1-24 at 35-36).  The court entered the stipulation for dismissal on May 9, 2016.

Despite having previously requested an adjournment of the July trial date until November, ostensibly to conduct further discovery, defendant OI nonetheless filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, and 1446, with this Honorable Court on May 17, 2016.  (ECF No. 1).

---

[2] Namely the Pennsylvania Supreme Court's decision declining to hear an appeal to the Superior Court of Pennsylvania's ruling in Markovsky.

[3] The original Case Management Order reflects a July trial date and provides that Plaintiff serve dismissal letters by April 4, 2016.  (ECF No. 1-10 at 10).

III.   **LEGAL ARGUMENT**

**REMAND IS APPROPRIATE BECAUSE REMOVAL IS TIME BARRED AND DEFENDANT FAILS TO SATISFY THE REQUIREMENTS FOR TOLLING**

OI asserts that the one (1) year time period for removal should not apply because either, (a) the joinder of the forum defendant, Crown Cork, was improper under 28 U.S.C. § 1446; or (b) the principles of equitable tolling should apply.  As set forth more fully below, OI fails to satisfy its burden in showing that such exceptions apply, and therefore this matter must be remanded.

As the basis for the propriety of its removal, OI cites A.S. v. SmithKline Beecham Corp., 769 F.3d 204 (3d Cir. 2014) for the proposition that this removal is proper.  While citing, in passing, the provision of section 1446(c)(1) relating to equitable tolling and removal after the statutory one (1) year deadline to remove, OI fails to acknowledge that the overall outcome of the cited case, as in the present matter, was that removal was improper.

The removing party bears the burden of showing that removal is appropriate.  See Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).  Generally, removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand.  Id. at 208 (quoting Batoff v. State Farm Insurance, 977 F.2d 848, 851 (3d Cir. 1992)).  As provisions of section 1446(b) and (c) make clear, a matter may not be removed for jurisdictional purposes more than thirty (30) days after the receipt of an order motion, or other paper from which it may be ascertained that the case is removable.  28 U.S.C. § 1446(b).  In any event, a case may not be removed under diversity jurisdiction more than one year after the action has been filed.  28 U.S.C. § 1446(c).  The only exception set forth is one in which a plaintiff acted in "bad faith" to prevent a matter from being removed.[4]

---

[4] OI seeks to apply the principle of "equitable tolling" as a basis to allow removal after the one (1) year deadline.  This principle, as explained by the Third Circuit in A.S., was abolished in the amended version of section 1446(c), which applied to cases commenced after January 6, 2012.  A.S., 769 F.3d at 208 n.3.  The Third Circuit also

As the Third Circuit in <u>A.S.</u> made clear, in order for equitable tolling to apply, or to allow for a removal more than one year after the commencement of the action, there must be a showing of intentional misconduct by the plaintiff.  <u>A.S.</u>, 769 F.3d at 211.  Such misconduct has been defined to require a showing that a plaintiff intentionally attempted to manipulate the statutory rules for determining removal jurisdiction, thereby preventing defendant from exercising its rights. <u>Id</u>.  (citing <u>Tedford v. Warner-Lambert Co.</u>, 327 F.3d 423,428-29 (5th Cir. 2003)).  The burden of showing misconduct is on the defendant as removing party.  <u>Id</u>. at 212 (citing <u>Namey v. Malcolm</u>, 534 F.Supp. 2d 494, 499 (M.D. Pa. 2008)).  In reviewing the facts, the Third Circuit in <u>A.S.</u> held that the removal effectuated by defendant was improper, and therefore remanded the case to Pennsylvania state court.  Plaintiff would respectfully submit that where Defendant's own supporting authority resulted in remand, that the same result be applied to the present matter.

By way of further support, Plaintiff relies upon the recent decision of the Eastern District of Pennsylvania in <u>Rulis v. L.A. Fitness</u>, 2015 U.S. Dist. LEXIS 37427, *1 (E.D. Pa. 2015).  <u>See</u> Exhibit D.  While not precedential, Plaintiff respectfully submits that based upon the factual similarities the case maintains with the present case, that <u>Rulis</u> be viewed favorably by the Court. <u>Rulis</u> involved a limited number of defendants, one defendant was L.A. Fitness, a foreign corporation that initially removed the matter to federal court.  Upon the process of discovery, it was determined that a second defendant, the landlord, Downingtown Quarry Associates ("Downingtown"), a Pennsylvania corporation, may have held liability as well.  Based upon this information, plaintiffs filed an amended complaint naming Downingtown and sought remand, which was granted.  While the matter was in state court, plaintiffs served written discovery on

---

made clear that the only basis for allowing removal after the statutory one (1) year deadline was a showing of "bad faith."  <u>Id</u>. at 212 n.6.

Downingtown, and sought to depose a corporate representative of the corporation.[5]  Following the conclusion of discovery, Downingtown filed for summary judgment which was unopposed and therefore granted.

Defendant L.A. Fitness removed the case based upon the fact that diversity now existed as the only Pennsylvania defendant, Downingtown, was no longer in the case.  Just as OI seeks to manufacture removal here, L.A. Fitness argued that the one (1) year time limit should be extended based upon Plaintiff's handling of the case.  In reviewing this matter, the court in Rulis made clear that an extension of the one (1) year time period is a "narrow exception to the one year time limit" and "is a recent codification of a slightly more expansive, judicially created 'equitable tolling' of the former statue." Rulis, 2015 U.S. Dist. LEXIS. at *6 (citing A.S., 769 F.3d at 211-12, n.6).  In seeking to apply fraudulent joinder, defendant must show "'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'"  Id.  (quoting In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006)).

Upon review of the matter by the district court in Rulis, remand was granted.  The Rulis court specifically found that the defendant "had not met its burden under the current statutory language" and in fact "*relies on an outdated, over-inclusive test for the equitable exception to the one-year removal statute*" by citing cases which pre-date the revised language. Id. at *7 (emphasis added).  Specifically, the district court held that defendant failed to establish any misconduct on the part of plaintiff—including the process by which discovery was conducted.  The district court succinctly held that defendant also failed the Briscoe test and was unable to show a lack of intention in good faith to prosecute, or no basis in fact, or colorable ground, supporting a claim

_____

[5] It appears that while noticed, a deposition never took place as there was no representative of Downingtown who had knowledge about L.A. Fitness' business practices.  Rulis, 2015 U.S. Dist. LEXIS 37427 at *5.

7

against Downingtown.  Id. at *10.  The Rulis court also specifically pointed to the fact that L.A. Fitness cross-claimed against Downingtown "indicating that even L.A. Fitness thought Downingtown might be at fault."  Id.

The facts and circumstance of the present matter before the Court are almost identical to Rulis, if not more in favor of Plaintiff, thereby warranting remand.  In the present matter, despite OI's baseless assertion to the contrary, Crown Cork was named as a Defendant for a legitimate purpose.  Crown Cork held liabilities as the successor to Mundet, a manufacturer of asbestos insulation.  In his role as an insulator, there was a good faith belief that Mr. Grello may have worked with Mundet insulation during the course of his employment at Bethlehem Steel.  It should also be noted that Crown Cork, as the successor to Mundet, has been named as a defendant in other cases involving Bethlehem Steel employees without any objection from OI.  See Exhibit E.

Contrary to the position set forth by OI, discovery as to Crown Cork did in fact take place. During the course of his deposition, Plaintiff's fact witness Mr. DelGrosso was asked about the use of Mundet products at Bethlehem Steel.  See Exhibit A.  Mr. DelGrosso testified that he was unaware of the product, and therefore could not provide any testimony related to its use, or to the exposure of Nicholas Grello to same.  Id.  A deposition notice was also served on Crown Cork which provided a transcript in lieu of a deposition.  See Exhibit B.

The ability of Plaintiff to pursue any claims against Crown Cork for Mundet was further discouraged by the holding of the Pennsylvania Superior Court in Markovsky v. Crown Cork, 107 A.3d 749 (Pa. Super. 2014), app. den. 125 A.3d 1202 (Pa. 2015).  Under the decision in Markovsky, Crown Cork was found to be protected from liability under 15 Pa. C.S.A. § 1929.1, which held that a successor corporation could only be held liable to the extent that they paid for the entity which subjected them to liability.  While the statute had been in effect since 2001, the

8

Markovsky decision was the first time it was expressly applied to bar asbestos related liability against Crown Cork.  This decision was filed by the Superior Court on December 22, 2014, which was nine (9) months after Plaintiff's Complaint had been filed.[6]  The subsequent denial of appeal by the Pennsylvania Supreme Court occurred on September 29, 2015.  As a result, there was clear case law protecting Crown Cork from liability in this case.  Once the statutory protection was asserted by way of letter, from counsel for Crown Cork,[7] any further attempt to assert liability against Crown Cork as a Defendant would have been contrary to established case law directly on point.  It was for this reason, upon notice from counsel for Crown Cork that they would seek to apply this holding in a summary judgment filing, that the decision to voluntarily dismiss Crown Cork was made.

Plaintiff cannot be held responsible for a decision which stripped liability from a Defendant.  Moreover, it cannot be asserted now by OI that the dismissal of Crown Cork, based upon a request by defense counsel, which was predicated upon applicable case law, serves as tolling of the removal period.  In fact, this scenario is directly on point with the holding in Rulis.  As was the obligation on behalf of Plaintiff, all possible viable Defendants were considered and named in the Complaint.  As in Rulis, discovery did in fact take place.  Ultimately, due to a combination of a lack of factual evidence, as well as the existence of applicable case law, the decision to dismiss Crown Cork was made.  Therefore, the only difference, between the factual scenario here, as opposed to Rulis, was the fact that Plaintiff did not require Crown Cork to file a motion where there was lack of identification at the close of discovery.

---

[6] The initial granting of summary judgment on behalf of Crown Cork occurred on January 8, 2014.  However, the issue was then taken up on appeal and remained unsettled.  This is evidenced by the fact that Crown Cork answered the complaint in this case rather than filing for dismissal.  (ECF No. 1-10 at 21).

[7] Exhibit B.

9

Likewise, akin to the factual circumstances in <u>Rulis</u> is the fact that OI, in its Answer, filed claims for indemnification against all Defendants, including Crown Cork. (ECF No. 1-10 at 18). As such, as stated by the court in <u>Rulis</u>, OI recognized a possible legitimate claim against Crown Cork. Having done so, they cannot now claim before this Court that the initial claim against Crown Cork by Plaintiff was anything other than proper.

Based upon the foregoing, Plaintiff respectfully submits that this matter must be remanded to the Philadelphia Court of Common Pleas as the originating jurisdiction. OI's removal is improper as it is clearly time barred and no tolling practice applies. The measures taken by Plaintiff, as it relates to the forum defendant Crown Cork, were appropriate. Moreover, the case law developed during the facilitation of this case was completely outside the control of Plaintiff. As such, OI has failed to meet its burden to establish proper removal and therefore the case must be remanded.

## IV.    <u>CONCLUSION</u>

Based upon the foregoing, it is clear that OI has failed to meet its burden under the current statutory requirement of section 1446(c) or the <u>Briscoe</u> standard.  OI has not offered as a basis for removal, nor can it now offer, any sufficient proof that Plaintiff sought to act in bad faith in naming Crown Cork as a Defendant.  To the contrary, Plaintiff has demonstrated continued diligence on their part in pursuing a claim against Crown Cork, up to, and including the point, where case law established that they were shielded from liability pursuant to 15 Pa. C.S.A. § 1929.1.  The efforts of Plaintiff in prosecuting this matter against Crown Cork clearly go beyond those in <u>Rulis</u> as set forth above.

Since OI is unable to meet their burden, remand is appropriate.  Plaintiff would therefore respectfully submit that Plaintiff's motion be granted along with the application of any other provisions the Court may deem equitable, including those under 28 U.S.C. 1447(c) relating to such matters.

Respectfully submitted,

**COHEN, PLACITELLA & ROTH, P.C.**

<u>/s/      *Jacqueline P. Gruhler*_____</u>
JACQUELINE P. GRUHLER
Attorney for Plaintiff
Identification No. 203067
jgruhler@cprlaw.com
Two Commerce Square
2001 Market Street Suite 2900
Philadelphia, Pennsylvania 10103
(215) 567-3500

Date:   June 10, 2016

11

## **CERTIFICATE OF SERVICE**

I, undersigned counsel for Plaintiff, hereby certify that on this 10th day of June 2016, I caused a copy of Plaintiff's Motion to Remand, and any related attachments to be served on all remaining counsel of record via Electronic Case Filing procedures.


/s/  *Jacqueline P. Gruhler*
    JACQUELINE P. GRUHLER, ESQ.