In the United States District Court
Eastern District of Pennsylvania

| | |
|---|---|
| **William Ney**, Individually and as Executor of the Estate of **Loretta Ney**,<br><br>   Plaintiff,<br><br>vs.<br><br><br>**Asbestos Corp. Ltd.**, et al.,<br><br>   Defendants. | Civil Action No.<br><br>5:16-cv-02408-ER<br><br><br><br><br><br>**ORDER** |

    **AND NOW**, this _____ day of _____, 2016, upon consideration of the Plaintiff's Motion to Remand Case to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c) and Owens-Illinois, Inc.'s Response thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion is **DENIED**, and this Court shall retain jurisdiction over this matter.

BY THE COURT:

_____

ROBRENO, J.

ME1 22725841v.1

In the United States District Court
Eastern District of Pennsylvania

| | |
|---|---|
| **William Ney**, Individually and as Executor of the Estate of **Loretta Ney**,<br><br>    Plaintiff,<br><br>vs.<br><br><br><br>**Asbestos Corp. Ltd.**, et al.,<br><br>    Defendants. | Civil Action No.<br><br>5:16-cv-02408-ER |

### OWENS-ILLINOIS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

Owens-Illinois, Inc. ("OI") responds to Plaintiff's Motion to Remand specifically as follows, and incorporates by reference the accompanying Brief in Support of OI's Opposition to Plaintiff's Motion for Remand:

1. OI agrees that Plaintiff filed an original complaint on March 11, 2014. Plaintiff sued one non-diverse defendant, Crown Cork & Seal Co., Inc. ("Crown"). Plaintiff sued Crown in two capacities: "individually" and as "successor" to Mundet Cork Corporation. A fifteen-year-old statute, which is common knowledge to asbestos lawyers, provides Crown a complete defense in its capacity as successor in interest to Mundet Cork. Thus, long before filing this lawsuit, Plaintiff had no actionable claim against Crown in its capacity as a successor to Mundet.

2. OI made an appearance in the state court action. By operation of Pa. R. Civ. P. 1041.1, **Asbestos Litigation. Special Provisions**, the appearance of counsel operates as an answer and automatically creates deemed cross-claims against all other named defendants. Thus, it is inaccurate to suggest that OI affirmatively and independently filed cross-claims against Crown. But even if OI had done this, because Plaintiff sued Crown "individually," OI's cross-claim would have no bearing on or relevance to Plaintiff's decision to assert claims against Crown as Mundet Cork's successor.

3. OI agrees that Loretta Ney passed away on April 25, 2014.

4. On June 2, 2014, Plaintiff did not conduct a discovery deposition of Mr. Anthony DelGrosso. Plaintiff's counsel did not ask Mr. DelGrosso any questions about Crown or about the product "Mundet." Rather, Plaintiff conducted a *de bene esse* trial preservation deposition, asked only about OI products, and made no inquiry about Mundet or Crown whatsoever. After the trial video, the defendants conducted a discovery deposition. Over the objection of Plaintiff's counsel, defense counsel asked about Mundet.

    a. Plaintiff had no need to find out if Mr. DelGrosso knew anything about Crown or Mundet. On December 17, 2013 (6 months before his deposition and 3 months before filing), Plaintiff's counsel interviewed Mr. DelGrosso and obtained an evidentiary affidavit. In the affidavit, he identified the products he remembered working around at Bethlehem Steel. Mundet was not one of the products.

    b. Plaintiff, before deposing Mr. DelGrosso, also possessed three prior deposition transcripts of Mr. DelGrosso, including a deposition from his own asbestos lawsuit. Mr. DelGrosso does not mention Crown or Mundet in any of the transcripts.

5. OI agrees that Loretta Ney's surviving spouse, William Ney, is now prosecuting the lawsuit.

6. OI agrees that Plaintiff amended the complaint in December of 2014 to allege wrongful death.

7. OI agrees that Plaintiff waited 19 months after filing this case to notice Crown's deposition.

8. OI agrees that Crown's counsel informed Plaintiff that any claims against Crown as Mundet's successor were barred by a fifteen-year-old statute.

9. OI agrees that Plaintiff withdrew the deposition notice, but disagrees with the suggestion that Plaintiff's counsel had no knowledge of the "Crown Statute" before October 30, 2015.

10. OI agrees that for fifteen years, 15 Pa. C.S. § 1929.1 has insulated Crown from liability as Mundet Cork's successor.

11. OI agrees that Crown requested dismissal based on 15 Pa. C.S. § 1929.1.

12. OI agrees that Plaintiff, with no apparent legal or factual basis to maintain a claim against Crown, waited over two years after filing the case to dismiss Crown.

13. OI agrees that it filed a notice of removal and did so, among other reasons, because Plaintiff's conduct demonstrates acts and omissions intended to keep OI from removing the case within one year of filing.

14. OI disagrees that it cannot satisfy the requirements for the exception provided in 28 U.S.C. 1446(c)(1). The undisputed facts of record demonstrate Plaintiff's intent to join and retain a non-diverse defendant for the purposes of preventing removal.

For these reasons, and those contained in the attached and incorporated Brief in support, OI respectfully requests that this Court deny Plaintiff's Motion to Remand.

Respectfully submitted,

**MCCARTER & ENGLISH, LLP**

 /s/ Barbara K. Gotthelf
Barbara K. Gotthelf, No. 53832
MCCARTER & ENGLISH, LLP
Attorneys for Defendant
OWENS-ILLINOIS, INC.

Dated:  June 24, 2016