# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM NEY, Individually and as Executor of the Estate of LORETTA NEY<br><br>Plaintiff,<br><br>vs.<br><br>OWENS-ILLINOIS, INC., *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 5:16-cv-02408-ER<br><br>Asbestos Case |

## ORDER

AND NOW, this ___ day of _____, 2016, upon consideration of the Plaintiff's Motion to Remand Case to the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1447(c), Defendant Owen-Illinois Incorporated's Response in Opposition and Plaintiff's Reply, it is hereby **ORDERED** and **DECREED** that this case shall be remanded to the Philadelphia Court of Common Pleas for the Commonwealth of Pennsylvania under March Term, 2014, No. 01441.

BY THE COURT:

_____
ROBRENO, J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM NEY, Individually and as Executor of the Estate of LORETTA NEY<br><br>Plaintiff,<br><br>vs.<br><br>OWENS-ILLINOIS, INC., *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 5:16-cv-02408-ER<br><br>Asbestos Case |

### PLAINTIFF'S REPLY TO DEFENDANT OWENS-ILLINOIS, INCORPORATED'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

Plaintiff, William Ney, individually and as Executor of the Estate of Loretta Ney, by and through undersigned counsel, and pursuant to Local Rule 7.1 and Section II.C.2 of the Honorable Eduardo C. Robreno's *Outline of Pretrial and Trial Proceedings*, hereby files this Reply to Defendant Owens-Illinois, Incorporated's Response in Opposition to Plaintiff's Motion for Remand (ECF No. 11), and states the following in support thereof:

### I. PRELIMINARY STATEMENT

Following the stipulated dismissal of Defendant, Crown Cork & Seal Co., Inc., ("Crown Cork"), from Plaintiff's product liability and wrongful death action in the Court of Common Pleas for Philadelphia County, Defendant Owens-Illinois, Inc. ("OI") filed a Notice of Removal (ECF No. 1) pursuant to 28 U.S.C. §§ 1332, and 1446, on May 17, 2016. By removing this matter, OI presented to the Court such action was proper and that Plaintiff's actions in this litigation warranted removal more than one (1) year after the statutorily imposed deadline. *See* 28 U.S.C. § 1446(c)(1).[1]

---

[1] 28 U.S.C. § 1446(c)(1) provides:

In doing so, OI claims Plaintiff acted in bad faith by naming Crown Cork as a defendant in this action. OI's allegation is offensive, wrong and should be rejected.

Contrary to OI's position, Plaintiff sincerely initiated and pursued claims against Crown Cork, individually, and as a successor to Mundet Cork Corporation ("Mundet"), by naming Crown Cork as a defendant in the original Short Form Complaint filed on March 11, 2014 (ECF No. 1-1) and in the Amended Complaint filed on December 9, 2014. (ECF No. 1-2). Plaintiff named Crown Cork a defendant because Loretta Ney's father, Nicholas Grello, worked as an insulator and asbestos worker at Bethlehem Steel Plant in Bethlehem, PA ("Bethlehem Steel"), from 1948 through 1953. *See* ECF No. 1-16 at 8-9. Plaintiff alleged that Nicholas Grello carried asbestos particles from Bethlehem Steel into his family's home, exposing Loretta Ney to asbestos. *See* ECF No. 1-2. At the time Plaintiff filed suit, he knew that Bethlehem Steel insulators and asbestos workers were exposed to asbestos materials manufactured by numerous companies.[2] However, Plaintiff did not know the exact identity of the asbestos products responsible for Nicholas Grello's and Loretta Ney's exposure. Plaintiff therefore initially named Crown Cork a defendant to protect claims if Mundet's products were identified as a source of Loretta Ney's asbestos exposure.

Plaintiff next pursued discovery to determine if Mundet products were a source of asbestos exposure by noticing a deposition for a Crown Cork corporate designee on October 23, 2015. Plaintiff, however, cancelled the Crown Cork corporate designee deposition, and ultimately

---

A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1).

[2] Plaintiff had a good faith belief that Mundet could be one of the companies responsible for exposure. Mundet's connection to Bethlehem Steel is evidenced by lawsuits brought against Crown Cork by, or on behalf of, former Bethlehem Steel Plant employees who allege asbestos exposure from working at Bethlehem Steel. *See* ECF No. 9-1 at 68-130.

2

voluntarily dismissed Crown Cork, after concluding that the evidence identifying Mundet as a source of exposure was minimal, and that 15 Pa. C.S. § 1929.1 protected Crown Cork from a predecessor corporation's asbestos-related liabilities.[3]

In sum, the totality of the facts show that at no point during this litigation did Plaintiff exhibit intentional acts of misconduct, attempt to manipulate the statutory rules for determining removal jurisdiction, or prevent OI from exercising its rights. Frankly, it is inconceivable that Plaintiff's actions be characterized as acts made in bad faith. OI therefore cannot make the requisite showing of bad faith under 28 U.S.C. § 1446(c)(1) and this case should be remanded to the Philadelphia Court of Common Pleas.

## II. STATEMENT OF FACTS

Plaintiff, William Ney, and his wife Loretta Ney, filed an original Short Form Complaint in the Philadelphia Court of Common Pleas on March 11, 2014. (ECF No. 1-1). OI filed its Answer, which included cross-claims and indemnification claims against co-defendants, including Crown Cork, on April 2, 2014. (ECF No. 1-10 at 18). Crown Cork filed its Answer on April 7, 2014. (ECF No. 1-10 at 21).

On April 23, 2014, Loretta Ney gave deposition testimony. Two days later, on April 25, 2014, she died due to mesothelioma. On June 2, 2014, Plaintiff deposed a fact witness, Anthony DelGrosso. Mr. DelGrosso was asked about Loretta Ney's father's (Nicholas Grello) exposure to Mundet asbestos and Mr. DelGrosso could not identify Mundet asbestos products as products that exposed Mr. Grello to asbestos. *See* ECF No. 9-1 at 2-5.

---

[3] Plaintiff conceded that 15 Pa. C.S. § 1929.1 provided Crown Cork immunity as to a predecessor company's asbestos-related liability when the Pennsylvania Supreme Court denied a request for an appeal questioning the statute's constitutionality on September 29, 2015. *See Markovsky v. Crown Cork*, 125 A.3d 1202 (Pa. Sept. 2015).

3

On October 29, 2014, the Clerk of the Superior Court for Forsyth County, North Carolina, granted Letters of Testamentary in the Estate of Loretta Ney and qualified William Ney as executor of the estate. William Ney then filed an Amended Complaint on December 9, 2014. (ECF No. 1-2). Plaintiff's Amended Complaint amended the caption to substitute the Estate of Loretta Ney as a party in place of the decedent, and added counts under Pennsylvania's Wrongful Death and Survival Acts.

On October 23, 2015, Plaintiff sent a corporate designee deposition notice and request for production of documents to Crown Cork in which Plaintiff scheduled Crown Cork's corporate designee deposition for December 1, 2015. On October 30, 2015, Crown Cork's counsel responded by claiming depositions were unnecessary as she intended to rely on the protection from liability provided to Crown Cork by 15 Pa. C.S. § 1929.1. *See* ECF No. 9-1 at 7-61. As a result of counsel asserting the statutory protection afforded their client, Plaintiff cancelled Crown Cork's corporate designee deposition on November 12, 2015.

Ultimately, after a thorough review and analysis, Plaintiff conceded that 15 Pa. C.S.A. § 1929.1 applied and that the supporting case law extinguished his claim of liability against Crown Cork. On March 14, 2016, Crown Cork's counsel wrote to Plaintiff's counsel, in accordance with the original case management order, requesting voluntary dismissal from the action prior to its filing a motion for summary judgment. Plaintiff agreed and voluntarily dismissed Crown Cork on April 18, 2016. (ECF No. 1-24 at 35-36). The court entered the stipulation for dismissal on May 9, 2016.

Despite having previously requested an adjournment of the July trial date until November, ostensibly to conduct further discovery, defendant OI nonetheless filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1446 with this Honorable Court on May 17, 2016. (ECF No.

4

1). On June 10, 2016, Plaintiff filed his Motion to Remand the Case to the Court of Common Pleas of Philadelphia County. (ECF No. 9). In response, OI filed its Opposition on June 24, 2016. (ECF No. 11).

## III. ARGUMENT

### A. Plaintiff Did Not Act in Bad Faith.

A defendant may not remove a case to federal court on diversity grounds more than one year after commencement of the action unless the district court finds that the plaintiff acted in bad faith to prevent the defendant from previously removing the action. 28 U.S.C. § 1446(c)(1). Bad faith is akin to intentional misconduct wherein a plaintiff attempts to manipulate the statutory rules for determining removal jurisdiction, thereby preventing defendant from exercising its rights. *A.S. v. SmithKline Beecham Corp.*, 769 F.3d 204, 211 (3d Cir. 2014) (citing *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428-29 (5th Cir. 2003)). The burden of showing bad faith is on the defendant as the removing party. *Id.* at 212. A defendant must show that "'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Rulis v. L.A. Fitness*, 2015 U.S. Dist. LEXIS 37427, at *6 (E.D. Pa. 2015) (quoting *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006)).

Unless the claim is "wholly insubstantial and frivolous," joinder will not be deemed fraudulent. *In re Briscoe*, 448 F.3d at 218. Thus, only where it is clear that the plaintiff cannot possibly recover from the non-diverse defendant will the joinder be deemed fraudulent. *See Boomerang Recoveries, LLC v. Guy Carpenter & Co.*, LLC, No. 16-0222, 2016 U.S. Dist. LEXIS 53795, at *11 (E.D. Pa. Apr. 21, 2016)). Finally, the removing party has a heavy burden of persuading a court that joinder is fraudulent. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d

Cir. 1992) (citation omitted). This heavy burden is imposed to effectuate the strong presumption against removal jurisdiction. *Id.* (quoting *Steel Valley Author. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

Here, OI cannot carry the heavy burden of showing intentional acts of misconduct, bad faith, or fraudulent joinder because Plaintiff held a reasonable basis in fact to bring claims against Crown Cork and a sincere intent throughout this litigation to prosecute those claims. Plaintiff initially named Crown Cork, individually, and as a successor to Mundet, as a defendant because Plaintiff had an obligation to investigate all possible sources of asbestos exposure. Loretta Ney was diagnosed with mesothelioma on December 19, 2012. As such, under Pennsylvania law, a claim on behalf of Mrs. Ney needed to be filed by December 19, 2014 in order to comply with the applicable statute of limitations. In order to protect the rights of Mrs. Ney, it was imperative that all conceivable sources of her asbestos exposure be included. This included not only OI and Mundet, but Asbestos Corporation, Ltd., another fiber supplier.

At the commencement of this action Plaintiff knew at least one asbestos manufacturer and distributor was responsible for Loretta Ney's asbestos exposure. Plaintiff, however, did not know the exact identity of the company whose product caused her exposure. Plaintiff had a good faith belief that Mundet products may have caused her exposure and intended to investigate the manufacture and distribution of Mundet asbestos products to confirm that belief.

Initial discovery failed to reveal sufficient evidence connecting Mundet or Crown Cork to asbestos products responsible for Loretta Ney's asbestos exposure.[4] Yet, lack of culpable evidence identifying Mundet or Crown Cork does not mean Plaintiff did not honestly believe that Mundet

---

[4] An example being the deposition testimony of Anthony DelGrosso, a former co-worker of Nicholas Grello, who stated that he could not identify Mundet asbestos products as products that exposed Mr. Grello to asbestos. *See* ECF No. 9-1 at 5.

6

products could later be unearthed as a source of asbestos exposure. Nor does the fact that Mr. DelGrosso emerged as Plaintiff's only witness substantiate defendant's claim. In addition to Mr. DelGrosso, Plaintiff, as part of their due diligence, investigated various other individuals who may have worked with Nicholas Grello. Unfortunately, those workers were unable to provide any further information.

Despite OI's assertion, Plaintiff sincerely intended to prosecute his claims against Crown Cork. Plaintiff's intent is clearly evidenced by his noticing a Crown Cork corporate designee for deposition within the time allotted by the Philadelphia Court of Common Plea's Case Management Order. *See* ECF No. 1-10 at 11.

Plaintiff's plan to further investigate Crown Cork was frustrated, however, by the Pennsylvania Supreme Court's September 29, 2015, decision to deny appeal on a question concerning the constitutionality of 15 Pa. C.S. § 1929.1. *See Markovsky v. Crown Cork*, 125 A.3d 1202 (Pa. Sept. 2015). Although Plaintiff was aware of Crown Cork's statutory protection under 15 Pa. C.S. § 1929.1, Plaintiff was also aware of the statute's unclear constitutional status and the *Markovsky* plaintiff's petition for allocatur challenging the Pennsylvania Superior Court's order in *Markovsky v. Crown Cork*, 107 A.3d 749 (Pa. Super. 2014). Crown Cork's counsel did not inform Plaintiff of its intent to rely on the statute for summary judgment until about a month after the Supreme Court's denial of appeal. At this time, Plaintiff conceded that the Supreme Court's decision to deny the *Markovsky* appeal confirmed that the statute passed constitutional muster and that the application of the statute's protection was definitive. Rather than proceed in the face of contrary case law, especially after the Supreme Court's denial of the appeal in *Markovsky*, Plaintiff sought to act in good faith both as to defense counsel, as well as the Court, in not forcing the matter

to be decided via motion. This action, however, should not, and cannot be viewed as an attempt by Plaintiff to act in bad faith as asserted by OI.

Conspicuously absent from this defendant's opposition to remand is the fact that they themselves asserted a cross-claim against Crown Cork. Moreover, had there been a view that a colorable action could not be asserted against Crown Cork, then Crown Cork's counsel could have raised the issue at the outset of the litigation. Their failure to do so should be viewed by this Court that there remained a question as to the constitutionality and applicability of the statutory preclusion. As set forth previously, the assertion of same by counsel for Crown Cork only came after the Supreme Court failed to take action. If this issue was as cut and dry as OI makes it out to be, action by Crown Cork would surely have taken place sooner. This fact, above all else should be weighed heavily by the Court in Plaintiff's favor.

## IV. CONCLUSION

Overall, this litigation's facts show that Plaintiff had a reasonable basis to name Crown Cork a defendant and that Plaintiff acted in good faith to prosecute his claims against Crown Cork. As such, OI's contention that Plaintiff's claims against Crown Cork were wholly insubstantial and frivolous, or that Plaintiff took no steps to develop a case against Crown Cork, are unsubstantiated. OI has not offered as a basis for removal, nor can it now offer, any sufficient proof that Plaintiff sought to act in bad faith. To the contrary, Plaintiff demonstrated continued diligence on his part in pursuing a claim against Crown Cork, up to, and including the point, where case law established that they were shielded from liability pursuant to 15 Pa. C.S.A. § 1929.1.

Since OI is unable to meet its burden, remand is appropriate. Plaintiff would therefore respectfully submit that Plaintiff's motion be granted along with the application of any other

provisions the Court may deem equitable, including those under 28 U.S.C. 1447(c) relating to such matters.

                                            Respectfully submitted,

                                            **COHEN, PLACITELLA & ROTH, P.C.**

                                            */s/    Jacqueline P. Gruhler*
                                            JACQUELINE P. GRUHLER
                                            Attorney for Plaintiff
                                            Identification No. 203067
                                            jgruhler@cprlaw.com
                                            Two Commerce Square
                                            2001 Market Street Suite 2900
                                            Philadelphia, Pennsylvania 10103
                                            (215) 567-3500

Date: July ___8___, 2016